Mabry v. The Metropolitan Trust Company.

1. A mortgage deed, executed and delivered in the State of Alabama to a named trustee, by a railway corporation, describing and covering all its property real and personal, for the purpose of securing the payment of bonds issued by the mortgagor, passed to the trustee the title to the property described in the mortgage; and consequently, while the bonds to secure which the mortgage was given remained unpaid, two locomotive engines covered by the mortgage were not, as to the whole property therein, subject to attachment for a debt of the railway company, as against a claim interposed by the trustee. This is true although no default had occurred, and the mortgage provided that until default be made in the payment of the principal and interest of the bonds, or of some or any of them, the railway company should be permitted to possess, operate, manage and enjoy the railroad with its appurtenances, as if the mortgage had not been executed; and also, that until default, the railway company might sell, exchange or otherwise dispose of such of its rolling-stock as had or might become old, worn-out, disused or undesirable, substituting for the same other property of equal or greater value, which should be covered by and be subject to the mortgage; it being further provided in the mortgage that, in case of default, the trustee might take possession of the property and sell the same or foreclose the mortgage.

2. Treating the law of Alabama as applicable to an attachment sued out in Georgia, the claimant's title (if valid) could not be displaced or extinguished without payment of the debt secured by the mortgage. Code of Alabama (1886), §3017. In order for §2892

of the Alabama code to apply, the levy would have to be restricted to such interest as the mortgagor has in the property, to wit, the equity of redemption and the right to possession and use until the lapse of six months of continuous default by the mortgagor. No law of force in Georgia is more favorable to the attaching creditor than these provisions of the code of Alabama.

July 16, 1894.                                    *Judgment affirmed.*

Attachment and claim. Before Judge LUMPKIN. Fulton superior court. September term, 1893.

Mabry brought suit in Fulton county, Ga., against the Western Railway of Alabama, and caused attachment to issue and be levied on two locomotive engines, which were claimed by the Metropolitan Trust Co., trustee under the mortgage deed mentioned in the first head-note. These engines were used in running trains from Montgomery, Ala., to Atlanta, Ga. The court directed a verdict for the claimant, and overruled plaintiff's motion for a new trial.

JOHN C. REED, for plaintiff.

CALHOUN, KING & SPALDING, *contra.*